## THE UNITED STATES DISTRICT COURT
## WESTERN OF OKLAHOMA

| | |
|---|---|
| VANCE DOTSON<br>　　　　Plaintiff, | ) <br>) JURY TRIAL DEMANDED<br>) |
| v. | ) Case No.<br>)　　25-00938-SLP |
| EXPERIAN INFORMATION<br>SOLUTIONS, INC.,<br>　　　　Defendants. | )　　FILED<br>)<br>)　SEP 15 2025<br>) |

JOAN KANE, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____, DEPUTY

## PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 12(f), Plaintiff Vance Dotson, respectfully moves this Court to strike all twelve of Defendant Experian Information Solutions, Inc.'s ("Experian") affirmative defenses set forth in its Answer and Affirmative Defenses (Doc. 6), filed on September 8, 2025. As grounds for this motion, Plaintiff states as follows:

### I. INTRODUCTION

On August 25, 2025, Plaintiff filed his Complaint alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., specifically Experian's failure to provide a complete and accurate consumer disclosure under 15 U.S.C. § 1681g. Experian filed its Answer on September 8, 2025,

asserting twelve affirmative defenses. These defenses are legally insufficient, fail to provide fair notice, are inapplicable to Plaintiff's FCRA claims, or are otherwise redundant, immaterial, or impertinent.

Under Fed. R. Civ. P. 12(f), the Court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are appropriate when a defense cannot succeed as a matter of law, lacks factual support, or prejudices the plaintiff by requiring unnecessary discovery or litigation. See, e.g., Lane v. Page, 272 F.R.D. 581, 587 (D.N.M. 2011) (applying plausibility standard to defenses in the Tenth Circuit); Falley v. Friends Univ., 787 F. Supp. 2d 1255, 1257 (D. Kan. 2011) (requiring fair notice). Although motions to strike are disfavored, they are warranted here because Experian's defenses are boilerplate assertions without factual basis, many are not true affirmative defenses, and several are inapplicable to FCRA claims, which involve statutory duties rather than common-law torts. Striking them will streamline the case and prevent undue burden on Plaintiff.

## II. ARGUMENT

Experian's affirmative defenses should be struck for the reasons detailed below. Plaintiff addresses them individually or in groups where similar issues apply.

## A. First Affirmative Defense (Failure to State a Claim)

Experian's First Affirmative Defense states: "Plaintiff's claims are barred, in whole or in part, because the Complaint fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief from Experian."

This is not an affirmative defense; it is a denial of the Complaint's sufficiency, more properly raised in a Rule 12(b)(6) motion to dismiss. Affirmative defenses assume the complaint's allegations are true but assert additional facts that defeat liability. See Fed. R. Civ. P. 8(c); Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1088 (9th Cir. 2002) (failure to state a claim is not an affirmative defense). Courts routinely strike such "defenses" as redundant. See, e.g., Barnes v. AT&T Pension Benefit Plan-Nonbargained Program, 718 F. Supp. 2d 1167, 1174 (N.D. Cal. 2010). Moreover, it provides no fair notice of any new facts and prejudices Plaintiff by forcing unnecessary response to a non-defense. This defense should be struck without leave to amend.

## B. Second Affirmative Defense (Lack of Standing)

Experian's Second Affirmative Defense states: "Plaintiff lacks standing because she has not been harmed or suffered 'injury in fact' by the alleged conduct at issue regardless of whether Plaintiff seeks only statutory damages."

(Note: Experian erroneously refers to Plaintiff as "she," though Plaintiff is male.)

Lack of standing is a jurisdictional challenge, not an affirmative defense under Rule 8(c). It is properly raised via motion, not as a boilerplate assertion in an answer. See Fed. R. Civ. P. 12(h)(3). This defense lacks any factual support and ignores Plaintiff's allegations of concrete harms, including credit denial, emotional distress, and out-of-pocket costs (Compl. ¶¶ 23-24). In FCRA cases, statutory violations can confer standing without additional harm. See TransUnion LLC v. Ramirez, 594 U.S. 413, 425 (2021). This vague assertion fails to provide fair notice and is immaterial; it should be struck.

## C. Third Affirmative Defense (Statute of Limitations)

Experian's Third Affirmative Defense states: "Experian is informed and believes and thereon alleges that all claims for relief in the Complaint herein are barred by the applicable statutes of limitation, including but not limited to 15 U.S.C. § 1681p."

This defense is barebones and speculative ("informed and believes"), providing no facts about when the claims accrued or why they are time-barred. The FCRA's statute of limitations is two years from discovery or five years from violation. 15 U.S.C. § 1681p. Plaintiff's Complaint alleges events in June-

August 2025 (Compl. ¶¶ 11-24), well within the limits as the suit was filed in August 2025. Without factual allegations, this defense fails fair notice and cannot succeed as a matter of law; it should be struck. See Lane, 272 F.R.D. at 601 (striking unsupported limitations defense).

### D. Fourth Affirmative Defense (Truth/Accuracy of Information)

Experian's Fourth Affirmative Defense states: "All claims against Experian are barred because all information Experian communicated to any third person regarding Plaintiff was true."

This defense mischaracterizes Plaintiff's claim, which is about Experian's failure to disclose complete information to Plaintiff under § 1681g, not inaccurate reporting to third parties. See Compl. ¶¶ 14-19, 29. Truth of reported information is irrelevant to a disclosure violation. Moreover, it is a denial of the Complaint, not an affirmative defense. It provides no new facts and is immaterial; it should be struck.

### E. Fifth Affirmative Defense (Failure to Mitigate Damages)

Experian's Fifth Affirmative Defense states: "Plaintiff's claims are barred, in whole or in part, because Plaintiff has failed to mitigate her damages."

Failure to mitigate does not apply to FCRA statutory damages ($100-$1,000 per willful violation under § 1681n), which are fixed and not subject to

mitigation. See 15 U.S.C. § 1681n; see also Ramirez, 594 U.S. at 427 (FCRA provides statutory remedies). Even for actual damages, Experian alleges no facts showing how Plaintiff could have mitigated (e.g., no notice of specific actions). This defense is legally insufficient in an FCRA context and lacks fair notice; it should be struck.

## F. Sixth Affirmative Defense (Laches) and Ninth Affirmative Defense (Unclean Hands)

Experian's Sixth Affirmative Defense states: "The Complaint and each claim for relief therein are barred by laches." Its Ninth states: "The Complaint and each claim for relief therein that seeks equitable relief are barred by the doctrine of unclean hands."

These are equitable defenses inapplicable to Plaintiff's FCRA claims for damages, costs, and fees (Compl. Prayer for Relief). Laches does not bar at-law claims governed by statutes of limitations. See Petrella v. Metro-Goldwyn-Mayer, Inc., 572 U.S. 663, 678 (2014). Unclean hands requires equitable relief sought, which is absent here. No facts support either; they are immaterial and should be struck.

## G. Seventh Affirmative Defense (Contributory/Comparative Fault)

Experian's Seventh Affirmative Defense states: "Experian is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff

were, at least in part, caused by the actions of Plaintiff herself and/or third parties and resulted from Plaintiff's or third parties' own negligence which equaled or exceeded any alleged negligence or wrongdoing by Experian."

FCRA violations under § 1681g are strict statutory duties on consumer reporting agencies, not negligence-based. Comparative fault does not apply to willful or negligent FCRA violations. See Safeco Ins. Co. v. Burr, 551 U.S. 47, 71 (2007) (FCRA imposes liability without fault in some cases). No facts allege Plaintiff's "negligence"; this boilerplate defense is legally insufficient and should be struck.

### H. Eighth Affirmative Defense (Estoppel)

Experian's Eighth Affirmative Defense states: "Any damages which Plaintiff may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiff. Therefore, Plaintiff is estopped and barred from recovery of any damages."

Estoppel requires facts showing reliance or misrepresentation, none of which are alleged. This vague assertion fails fair notice and is inapplicable to FCRA statutory claims. It should be struck.

### I. Tenth Affirmative Defense (Arbitration)

Experian's Tenth Affirmative Defense states: "Experian alleges on information and belief that Plaintiff's claims may be the subject of an arbitration agreement between Plaintiff and Experian."

This speculative "may be" defense lacks any factual basis, such as identifying an agreement or its terms. Arbitration requires a valid agreement, which Experian does not assert exists. Fed. R. Civ. P. 8 requires more than conjecture; this defense is insufficient and should be struck.

## J. Eleventh Affirmative Defense (Legal Capacity)

Experian's Eleventh Affirmative Defense states: "The Complaint warrants dismissal because Plaintiff lacks the legal capacity to sue."

No facts support this; Plaintiff is an adult natural person with capacity (Compl. ¶ 7). This baseless assertion is impertinent and scandalous, implying incompetence without evidence. It should be struck.

## K. Twelfth Affirmative Defense (Constitutional Rights)

Experian's Twelfth Affirmative Defense states: "Plaintiff's claims are barred, in whole or in part, because any claims for punitive damages violate Experian's rights under the First, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution and analogous provisions of any applicable State Constitutions."

This vague defense lists amendments without explaining violations. Punitive damages under FCRA are constitutional if properly assessed. See State Farm Mut. Auto. Ins. Co. v. Campbell, 538 U.S. 408 (2003). No facts tie this to the case; it fails fair notice and is immaterial. It should be struck.

## III. CONCLUSION AND PRAYER FOR RELIEF

Experian's affirmative defenses are insufficient as a matter of law, lack factual support, and will prejudice Plaintiff by necessitating needless discovery and briefing. The Court should strike all twelve without leave to amend, as amendment cannot cure legal inapplicability.

WHEREFORE, Plaintiff prays that the Court grant this Motion, strike Experian's affirmative defenses in their entirety, and award such other relief as it deems just and proper.

Dated: September 15, 2025

Respectfully submitted,

Vance Dotson

Vance Dotson
425 W. Wilshire Blvd Ste E
Oklahoma City, OK 73116
(405) 406-7323
vancedotson@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2025, I served the foregoing document via CM/ECF system:

Jimmy Goodman
Crowe & Dunlevy
Braniff Building
324 North Robinson Ave., Ste. 100
Oklahoma City, OK 73102
jimmy.goodman@crowedunlevy.com


Vance Dotson