UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VANCE DOTSON<br>　　　Plaintiff,<br><br>v.<br><br>EXPERIAN INFORMATION<br>SOLUTIONS, INC.,<br>　　　Defendant. | ) JURY TRIAL DEMANDED<br>)<br>)<br>)<br>)<br>) Case No. CIV-25-938-SLP<br>)<br>)<br>)<br>)<br>)<br>) |

## JOINT STATUS REPORT AND DISCOVERY PLAN

Date of Conference:　　Thursday, October 2, 2025 @ 11:45 a.m.
　　　　　　　　　　　before the Honorable Scott L. Palk

Appearing for Plaintiff:　Vance Dotson

Appearing for Defendant:　Jimmy Goodman

　　　　Jury Trial Demanded -X-  Non-Jury Trial ☐

　　1.　**BRIEF PRELIMINARY STATEMENT**.  Plaintiff brings claims against Defendants Experian Information Solutions, Inc., ("Defendant Experian" or "Experian"), for violations of the federal Fair Credit Reporting Act ("FCRA"), 15

1

U.S.C. §§ 1681 *et seq.*, stemming from Defendants' for failing to provide him with all the information on file of his credit reports upon his requests on or about June 15, 2025 in violation of 15 U.S.C. § 1681g. With American Express, Bank of America, BMW Financial/Services/Credit, CBNA, Citi Cards/Citibank, Communication FCU, Cortrust Bank NA, Discover Card, (4) JPMCB Card, Navy Federal Credit Union, (3) Tinker FCU trade lines Experian had in its possession the full account number omitted information such as Balance and Payment History etc.

**Defendant**: Experian denies that it negligently or willfully violated 15 U.S.C. § 1681. Experian is a consumer reporting agency as defined by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681a(f). Experian essentially functions as a storehouse of credit information concerning hundreds of millions of consumers nationwide, collecting and storing credit information originated by others. Experian does not generate credit information itself, nor does it make loans, decide who should receive credit, or set loan terms. The FCRA is not a strict liability statute and does not require Experian to maintain error free credit reporting. Rather, Experian must maintain and follow reasonable procedures to ensure the maximum possible accuracy of information it reports on consumers. In this case, Experian produced Plaintiff's entire credit report pursuant to its disclosure obligations under § 1681. To the extent relevant, Experian also followed reasonable procedures to ensure the maximum possible

accuracy of information on Plaintiff's credit reports and conducted a reasonable reinvestigation into Plaintiff's disputes when required to do so and based on the information provided by Plaintiff. At all times, Experian acted in good faith and without malice or intent to injure Plaintiff and did not act negligently. Accordingly, Experian has no liability in this case under the FCRA and denies all liability to Plaintiff for any alleged damages. This statement is based on the facts known to Experian at this time. Experian makes this statement without waiving any defense and reserves the right to supplement this statement as the facts are developed.

2. <u>JURISDICTION</u>. Plaintiff contends that jurisdiction arises under 15 U.S.C. § 1681 & 28 U.S.C. § 1331.

3. <u>STIPULATED FACTS</u>.

   a. The court has jurisdiction over this matter claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p;

   b. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1681a(c).

   c. Experian is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f); and

   d. Experian is an Ohio corporation, with its corporate headquarters in Costa Mesa, California who is qualified to do business and conducts business in the State of Oklahoma.

4. <u>CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT</u>.

    a.    <u>Plaintiff</u>:  As a result of the actions and inactions of Defendants, Plaintiff suffered damages and respectfully request that this Court enter judgement in favor of Plaintiff and against the Defendants for:

    i. Judgment that Defendants violated the FCRA;

    ii. Actual damages pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o;

    iii. Statutory damages pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o;

    iv. Costs incurred in this action pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o;

    v. For such other and further relief as the Court may deem just and proper.

    b.    <u>Defendant,</u>:  Experian seeks total relief from all of Plaintiff's claims as it produced Plaintiff's credit report and otherwise followed reasonable procedures as required by the FCRA.

5. <u>APPLICABILITY OF FED. R. CIV. P. 5.1 AND COMPLIANCE</u>.

Do any of the claims or defenses draw into question the constitutionality of a federal or state statute where notice is required under 28 U.S.C. § 2403 or Fed. R. Civ. P. 5.1?

    ☐ Yes -X- No

6. <u>MOTIONS PENDING AND/OR ANTICIPATED</u> Plaintiff, Motion To Strike.

Defendant, has not filed any motion at this time, but is considering filing a motion in light of a recently discovered ongoing proceeding (*Dotson v.*

4

*Experian Information Solutions Inc*, 5:25CV00605) involving the Plaintiff.

7. COMPLIANCE WITH RULE 26(a)(1). Have the initial disclosures required by Fed. R. Civ. P. 26(a)(1) been made?  ☐ Yes    X No

    If "no," by what date will they be made?  October 15th, 2025

8. PLAN FOR DISCOVERY.

    A. Plaintiff asserts the discovery planning conference (Fed. R. Civ. P. 26(f)) was held on September 16, 2025. Defendant asserts the discovery planning conference will be held September 26, 2025.

    B. The parties anticipate that discovery should be completed within 6 months.

    C. In the event ADR is ordered or agreed to, what is the minimum amount of time necessary to complete necessary discovery prior to the ADR session?  4 Months.

    D. Have the parties discussed issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced, pursuant to Fed. R. Civ. P. 26(f)(3)(C)?

        ☐ Yes        -X-No

    E. Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material pursuant to Fed. R. Civ. P. 26(f)(3)(D)?

        ☐ Yes        -X-No

        To the extent the parties have made any agreements pursuant to Fed. R. Civ. P. 26(f)(3)(D) and Fed. R. Civ. P. 502(e) regarding a procedure to assert claims of privilege/protection after production and are requesting that the court include such agreement in an

order, please set forth the agreement in detail below and submit a proposed order adopting the same.

No agreements have been made.

F. Identify any other discovery issues which should be addressed at the scheduling conference, including any subjects of discovery, limitations on discovery, protective orders needed, or other elements (Fed. R. Civ. P. 26(f)) which should be included in a particularized discovery plan.

No agreements have been made.

9. ESTIMATED TRIAL TIME: 2-3 days

10. BIFURCATION REQUESTED:   □ Yes -X- No

11. POSSIBILITY OF SETTLEMENT: □ Good    -X- Fair    □ Poor

12. SETTLEMENT AND ADR PROCEDURES:

    A. Compliance with LCvR 16.1(a)(1) - ADR discussion:-X- Yes   □ No

    B. The parties request that this case be referred to the following ADR process:

       □ Court-Ordered Mediation subject to LCvR 16.3

       □ Judicial Settlement Conference

       □ Other _____

       -X- None - the parties do not request ADR at this time.

13. Parties consent to trial by Magistrate Judge?   □ Yes   -X- No

14. Type of Scheduling Order Requested. -X- Standard - □ Specialized (If a specialized scheduling order is requested, counsel should include a statement of reasons and proposal.)

Submitted this 25th day of September, 2025.

        Respectfully submitted,


*/s/ Jimmy Goodman*
JIMMY GOODMAN, OBA #3451
CROWE & DUNLEVY
A Professional Corporation
Braniff Building
324 North Robinson Ave., Ste. 100
Oklahoma City, Oklahoma 73102
(405) 235-7717
jimmy.goodman@crowedunlevy.com

*Attorney for Experian Information Solutions, Inc.*


*/s/ Vance Dotson*
Vance Dotson
425 W. Wilshire Blvd Ste E
Oklahoma City, OK 73116
405-406-7323
vancedotson@yahoo.com