THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VANCE DOTSON<br>    Plaintiff, | ) <br>) JURY TRIAL DEMANDED<br>) |
| v. | ) Case No.<br>) CIV-25-938-SLP |
| EXPERIAN INFORMATION<br>SOLUTIONS, INC.,<br>    Defendants. | )<br>)  FILED<br>)<br>)  NOV 0 3 2025 |

JOAN KANE, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY _____ KB _____ DEPUTY

## PLAINTIFFS MOTION TO COMPEL DEFENDANT'S PRODUCITON OF DOCUMENTS AND FOR SANCTIONS

Plaintiff Vance Dotson, appearing pro se, respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 37(a), to compel Defendant Experian Information Solutions, Inc. ("Experian") to fully respond to Plaintiff's First Set of Requests for Production of Documents ("Requests"), served on September 16, 2025. Experian served responses and objections on or about October 27, 2025, but those responses are deficient: Experian produced only a limited set of documents, specifically automated consumer dispute verification forms (ACDVs), a few consumer disclosures, and records related to Plaintiff's file request, while failing to produce any documents responsive to the majority of the Requests. Experian's boilerplate objections are improper, and the withheld documents are relevant,

discoverable, and proportional to the needs of this case under Federal Rule of Civil Procedure 26(b)(1).

Plaintiff further requests that the Court award reasonable expenses and cost incurred in bringing this motion, including sanctions under Rule 37(a)(5), as Experian's positions are not substantially justified. In support of this motion, Plaintiff states as follows:

## I. BACKGROUND

This action arises under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., specifically alleging that Experian violated 15 U.S.C. § 1681g by providing Plaintiff with an incomplete consumer disclosure on or about July 15, 2025. On September 16, 2025, Plaintiff served Experian with 25 Requests seeking documents relevant to Experian's policies, procedures, communications, compliance efforts, and handling of Plaintiff's consumer file and disclosure request. These Requests are tailored to uncover evidence supporting Plaintiff's claims of willful or negligent noncompliance with the FCRA.

The parties conferred pursuant to Federal Rule of Civil Procedure 26(f) on September 26, 2025. Experian's responses were due 30 days after service, pursuant to Rule 34(b)(2)(A). Experian timely served written responses and objections but produced only minimal documents: several ACDVs, a handful of consumer

disclosures provided to Plaintiff, and records of Plaintiff's file request. Experian withheld production for the vast majority of Requests, relying on vague, boilerplate general objections and unsubstantiated specific objections.

On October 28, 2025, Plaintiff conferred in good faith with Experian's counsel, Jimmy Goodman, via email and telephone, to resolve these deficiencies without court intervention, as required by Rule 37(a)(1) and Local Rule 37.1. Plaintiff explained the relevance of the withheld documents and requested supplemental production by October 31, 2025. Experian refused, maintaining its objections. Despite this effort, Experian has not supplemented its production.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(b)(1), parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering factors such as the importance of the issues, the amount in controversy, the parties' relative access to information, resources, the importance of the discovery in resolving the issues, and whether the burden or expense outweighs its likely benefit. Relevance is construed broadly, and information need not be admissible to be discoverable. Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).

If a party fails to produce documents as requested under Rule 34, the requesting party may move to compel production. Fed. R. Civ. P. 37(a)(3)(B)(iv). The party resisting discovery bears the burden of establishing that the requested discovery is irrelevant, unduly burdensome, or otherwise improper. Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2, 197 F.3d 922, 925 (8th Cir. 1999). Boilerplate objections, without specific explanation, are insufficient and waived. See, e.g., Heller v. City of Dallas, 303 F.R.D. 466, 483 (N.D. Tex. 2014) (noting that general objections are "almost always worthless" and do not preserve any valid objection).

If the motion is granted, the Court must award the movant reasonable expenses unless the opposing party's position was substantially justified or other circumstances make an award unjust. Fed. R. Civ. P. 37(a)(5)(A).

## III. EXPERIAN'S GENERAL OBJECTIONS ARE IMPROPER AND SHOULD BE OVERRULED

Experian's responses incorporate ten general objections applicable to all Requests, including claims of overbreadth, undue burden, irrelevance, privilege, and prematurity. These are classic boilerplate objections, lacking specificity as to how they apply to individual Requests. For example:

- **Time Frame (General Objection 1)**: Experian objects to Requests as unlimited in time or beyond the FCRA's two-year statute of limitations (15

U.S.C. § 1681p). However, most Requests are limited to recent periods (e.g., 2023-present or 2020-present), which are relevant to establishing patterns of conduct or willfulness under the FCRA. See Safeco Ins. Co. v. Burr, 551 U.S. 47, 57 (2007) (willfulness includes reckless disregard). Broader time frames, where requested, are proportional given the low burden of producing digital records.

- **Privileges (General Objections 2-3)**: Experian asserts attorney-client and work-product privileges without identifying any withheld documents or providing a privilege log, as required by Rule 26(b)(5). This fails to preserve the objection.
- **Definitions and Instructions (General Objection 4)**: Experian claims vagueness but responds based on its own interpretations without specifying ambiguities. Plaintiff's definitions are standard and clear; this objection is meritless.
- **Definition of "Defendant," "You," and "Your" (General Objection 5)**: Limiting responses to Experian Information Solutions, Inc., excludes agents and representatives, contrary to Rule 34(a)(1), which requires production of items in a party's possession, custody, or control.
- **Commercially Sensitive Information (General Objection 6)**: Experian demands a protective order but has not moved for one. Plaintiff agrees to a protective order if needed, but this does not justify withholding production.
- **Possession, Custody, and Control (General Objection 7)**: This restates Rule 34(a)(1) and is not a valid basis for nonproduction.
- **Proportionality (General Objection 8)**: Experian recites Rule 26(b)(1) factors without analysis. The discovery is proportional, as it targets key FCRA compliance issues in a case with statutory damages up to $1,000 per violation (15 U.S.C. § 1681n), plus punitive damages.
- **Right to Supplement (General Objection 9)**: This reserves rights but does not excuse current deficiencies.
- **Premature (General Objection 10)**: Experian claims the Requests were served before the Rule 26(f) conference. However, Rule 26(d)(1) allows early discovery with court order or agreement; Plaintiff served post-filing, and Experian responded without seeking relief. This objection is waived.

These general objections should be overruled as waived and insufficient.

## IV. EXPERIAN'S SPECIFIC RESPONSES ARE DEFICIENT

Experian produced limited documents (ACDVs, consumer disclosures, and Plaintiff's file request), which appear responsive only to Requests 1, 2, 10, 14, and 18. For the remaining Requests, Experian either produced nothing or provided inadequate responses, relying on the overruled general objections. Below, Plaintiff addresses each deficient Request, Experian's response (based on its written objections), and why production must be compelled:

1. **Request 1**: All documents relating to Plaintiff's consumer file as of June 15, 2025, including complete unredacted versions.
   Experian produced some records but withheld unredacted versions, objecting on privilege and relevance grounds. These documents are central to Plaintiff's claim of incomplete disclosure under § 1681g; full production is required.
2. **Request 2**: The complete consumer disclosure provided to Plaintiff in June or July 2025, including any metadata or logs associated with its generation.
   Experian produced partial disclosures but no metadata or logs, objecting to burden and relevance. Metadata is relevant to show how the disclosure was generated and any omissions; it is easily producible from digital systems.
3. **Request 3**: All communications, including emails, text messages, and internal notes, regarding Plaintiff's request for his consumer disclosure.
   No production; objected to privilege, overbreadth, and burden. Communications are discoverable to prove handling of the request; privilege claims require a log.
4. **Request 4**: Defendant's policies and procedures manuals in effect from 2023 to the present concerning consumer disclosures under 15 U.S.C. § 1681g.
   No production; objected to trade secrets and relevance. Policies are directly relevant to FCRA compliance; produce under protective order if needed.

5. **Request 5**: All training materials, videos, or guides provided to employees from 2023 to the present on FCRA compliance.
   No production; similar objections. Training materials evidence willfulness or negligence.
6. **Request 6**: Documents reflecting any audits, internal reviews, or quality control measures related to consumer disclosures from 2020 to the present.
   No production; objected to burden and proportionality. Audits are key to showing systemic issues.
7. **Request 7**: All complaints or disputes from consumers regarding incomplete or inaccurate disclosures received by Defendant from 2023 to the present.
   No production; objected to overbreadth and confidentiality. Redacted complaints are relevant to pattern evidence.
8. **Request 8**: Documents showing the number of consumer disclosure requests processed by Defendant in 2024 and 2025, including statistics on omissions.
   No production; objected to relevance. Statistics support claims of widespread violations.
9. **Request 9**: All correspondence with regulatory agencies, including the FTC or CFPB, regarding FCRA compliance from 2020 to the present.
   No production; objected to burden. Regulatory correspondence is discoverable in FCRA cases.
10. **Request 10**: Logs or records of all disseminations of Plaintiff's consumer report to third parties from January 1, 2025, to the present.
    Partial production (file request logs); objected to remainder. Full logs are relevant under § 1681g(a)(3).
11. **Request 11**: Software manuals or documentation for systems used to generate consumer disclosures.
    No production; objected to trade secrets. Manuals are necessary to understand disclosure processes.
12. **Request 12**: Internal memoranda or reports discussing the costs or benefits of omitting certain information from consumer disclosures.
    No production; objected to privilege and relevance. These go to willfulness.
13. **Request 13**: All documents related to any prior lawsuits against Defendant for violations of 15 U.S.C. § 1681g in the past 10 years.
    No production; objected to overbreadth. Prior suits evidence notice of noncompliance.

14. **Request 14**: Complete account data for each account listed in Paragraph 16 of the Complaint as maintained in Plaintiff's file.
Partial production; objected to unredacted data. Full data is essential.
15. **Request 15**: Emails or communications involving Defendant's legal department regarding Plaintiff's disclosure request.
No production; privilege objection. Provide log; non-privileged portions are discoverable.
16. **Request 16**: Documents evidencing any changes to Defendant's disclosure practices in response to court decisions, such as TransUnion LLC v. Ramirez.
No production; objected to relevance. Changes show awareness of legal obligations.
17. **Request 17**: Financial statements or reports showing revenue from consumer reporting activities in 2024 and 2025.
No production; objected to confidentiality and proportionality. Revenue is relevant to punitive damages.
18. **Request 18**: All documents Plaintiff provided to Defendant, including the written request via text and email in June 2025.
Partial production; complete set required.
19. **Request 19**: Records of any employee discipline or training related to FCRA violations from 2023 to the present.
No production; objected to burden. Relevant to compliance efforts.
20. **Request 20**: Copies of any insurance policies that may indemnify Defendant for the claims in this lawsuit.
No production; objected to relevance. Insurance is discoverable under Rule 26(a)(1)(A)(iv).
21. **Request 21**: All documents supporting Defendant's defenses to the claims in the Complaint.
No production; objected to work product. Defenses must be supported; produce factual documents.
22. **Request 22**: Metadata logs for the email sent to Plaintiff containing his consumer disclosure.
No production; similar to Request 2.
23. **Request 23**: Reports or studies conducted by Defendant on error rates in consumer reports or disclosures.

No production; objected to trade secrets. Error rates are relevant to negligence.

24. **Request 24**: Communications with third-party vendors involved in maintaining or disclosing consumer files.
No production; objected to overbreadth. Vendor communications may explain omissions.

25. **Request 25**: All exhibits or attachments referenced in Defendant's responses to these requests for production.
No production; self-referential, but required if referenced.

These documents are relevant to proving Experian's FCRA violations, including incompleteness of disclosures, lack of reasonable procedures, and willfulness. Production imposes minimal burden on Experian, a large corporation with sophisticated systems.

## V. REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

1. Overrule Experian's objections;
2. Order Experian to produce all responsive documents within 14 days;
3. Award Plaintiff reasonable expenses and fees for this motion; and
4. Grant such other relief as the Court deems just.

Dated: October 28, 2025

*Vance Dotson*
Vance Dotson
425 W. Wilshire Blvd Ste E
Oklahoma City, OK 73116
405-406-7323
vancedotson@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2025, a true and correct copy of the foregoing was served via electronic mail on Jimmy Goodman, counsel for Defendant, at jimmy.goodman@crowedunlevy.com.

/s/ Vance Dotson