IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VANCE DOTSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-25-938-SLP |
| ) | |
| EXPERIAN INFORMATION SOLUTIONS, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

Before the Court are three related motions to compel discovery.  First, Plaintiff filed a Motion to Compel to Determine the Sufficiency of Defendant's Answers and Objections to Plaintiff's First Set of Request for Admissions [Doc. No. 18], to which Defendant responded [Doc. No. 39].  Second, Plaintiff filed a Motion to Compel Defendant's Production of Documents and for Sanction [Doc. No. 19], to which Defendant responded [Doc. No. 41].  Lastly, Plaintiff filed a Motion to Compel Responses to First Set of Interrogatories [Doc. No. 20], to which Defendant responded [Doc. No. 40].  Plaintiff filed no replies.

In each motion, Plaintiff certifies that he complied with LCvR 37.1, but each motion describes different circumstances.  *See e.g.*, [Doc. No. 18] ("Plaintiff attempted to meet and confer with Experian's counsel via email on October 20, 2025, identifying the deficiencies and requesting amended responses, but Experian has not provided satisfactory amendments or explanations."); [Doc. No. 19] (describing a phone call with Experian's counsel on October 28, 2025); [Doc. No. 20] ("Plaintiff has attempted in good faith to

resolve this dispute without court intervention, including by emailing Experian's counsel on October 27, 2025, to request supplemental responses and a proposed protective order, but received no meaningful reply."). Defendant presents a materially different account of the parties' attempts to confer. *See e.g.* [Doc. No. 40] (describing an in-person meeting on November 3, 2025 wherein Plaintiff ended the meeting "before the parties could discuss any of the RFPs—stating he needed to leave to file all three motions to compel"). Experian also represents that its counsel offered to revise certain disputed responses, but Plaintiff declined and filed his motions that same day.

The Court is troubled by the discrepancies in the parties' accounts of the required discovery conference. Upon consideration, the Court finds that the parties have not meaningfully complied with the good faith conferral requirement of LCvR 37.1 and that many—if not all—of the disputes appear capable of resolution through reasonable, cooperative efforts without judicial intervention. Accordingly, the Court must "refuse to hear" the pending motions at this time. *See* LCvR 37.1.[1] Both parties are strongly reminded that LCvR 37.1 requires not merely perfunctory contact, but a "sincere attempt to resolve differences" in good faith. *Id.*

---

[1] *See also Harvest Grp. LLC v. Love's Travel Stops & Country Stores, Inc.*, No. CIV-20-00435-JD, 2024 WL 4880747 (W.D. Okla. Nov. 25, 2024) (denying motion to compel for failure to comply with LCvR 37.1); *Smith v. C.R. Bard, Inc.*, No. CIV-19-00849-PRW, 2020 WL 13648610 (W.D. Okla. Nov. 4, 2020); *Jobson v. United States ex rel. Dep't of Veteran Affs.*, No. CIV-17-574-SLP, 2018 WL 8299886, at *6 (W.D. Okla. Aug. 27, 2018) (refusing to hear portion of motion that were not discussed in the meet and confer); *Taylor v. Boise Cascade Express, a Div. of Boise Cascade Off. Prods.*, No. CIV-04-0266-L, 2004 WL 7332758 (W.D. Okla. Dec. 14, 2004).

For the guidance of the parties going forward, and to facilitate the efficient resolution of discovery disputes, the Court reiterates that absent any limitation imposed by mandate of the Tenth Circuit, the scope of discovery is governed by Federal Rule of Civil Procedure 26(b)(1), which provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Although this provision "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case," *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978), discovery must nevertheless remain proportional to the needs of the case.

IT IS THEREFORE ORDERED that Plaintiff's Motions to Compel [Doc. Nos. 18, 19, 20] are DENIED for failure to meaningfully comply with LCvR 37.1. The parties are directed to discuss and sincerely endeavor to resolve *each and every* answer or objection in contention. If, after a sincere and good faith conference, the parties are unable to resolve all disputes, Plaintiff may file appropriate motions to compel limited to the matters that remain genuinely contested.

IT IS SO ORDERED this 11th day of December, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE